NOT FOR PUBLICATION

**United States District Court**
**for the District Of New Jersey**

|   |   |   |
|---|---|---|
| ASKIA J. NASH, | : | |
| | : | Civil No.: 07-3074 (KSH) |
| Petitioner, | : | |
| | : | |
| v. | : | **Opinion** |
| | : | |
| KAREN BALICKI, | : | |
| | : | |
| Respondent. | : | |

**Katharine S. Hayden, U.S.D.J.**

    This matter was initially opened on July 2, 2007, when petitioner Askia Nash submitted his 28 U.S.C. § 2254 petition challenging an Essex County conviction on aggravated sexual assault and related charges. Nash did not apply for *in forma pauperis* (IFP) status, nor did he tender the five-dollar habeas corpus filing fee. He failed to respond to an order directing him to pay the fee or seek IFP status and his petition was dismissed without prejudice by order entered September 4, 2007 [D.E. 4].

    Later that month, Nash submitted a letter advising the Court of the progress of his state case, in the course of which he asked for a "review [of the] matter in the interest of justice." The Court determined that Nash's request that "a federal court review activity in a state proceeding that he chooses not to appeal to the state appellate court offends the spirit and intent of the relief available under the writ of habeas corpus," and took no action on issues raised in Nash's filings specifically or by inference. [D.E. 8.]

    Presently before the Court is Nash's omnibus request to reopen certain of his closed

cases, including this habeas proceeding.[1] His application was prompted by the New Jersey Supreme Court's recent decision on an appeal he took from a ruling on his state petition for post-conviction relief: the New Jersey Supreme Court "reverse[d] on all charges and grant[ed] Nash a new trial" based on his claim of newly discovered evidence. *State v. Nash*, 212 N.J. 518, 555 (2013); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007) (observing that courts may take judicial notice of the opinions of another tribunal).

The Court denies the motion to reopen. First, Nash has not corrected the defect that prompted the first dismissal of his petition: the absence of either a filing fee or an IFP application. Second, and more essentially, Nash's habeas petition attacked his Essex County conviction, which has since been vacated by the New Jersey Supreme Court. As a consequence, this Court is not in a position to afford Nash relief with respect to that conviction. *See Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (discussing mootness doctrine).

To the extent that a certificate of appealability is required in this proceeding, one will not be granted because Nash has not "made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). An appropriate order follows.


November 4, 2013

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

---

[1] The others are 07-0370, a 42 U.S.C. § 1983 civil-rights suit; 07-5163, another § 1983 suit; 07-0642, same; and 11-3891, which appears to be a parallel habeas corpus action challenging the same Essex County conviction that Nash attacks here, and which was dismissed in May 2012 for failure to exhaust. As his motion was docketed separately in each case, this opinion and order addresses only its disposition in the above-captioned action.